**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Delano Artise Nailey, | No. CV-25-00685-TUC-AMM |
| Plaintiff, | **ORDER** |
| v. | |
| City of Tucson, et al., | |
| Defendants. | |

Pending before the Court is pro se Plaintiff Delano Artise Nailey's Complaint (Doc. 1) and Application to Proceed In Forma Pauperis (Doc. 2). For the following reasons, the Court will grant the Application to Proceed In Forma Pauperis and dismiss the Complaint.

**I.     IFP Application**

A party who files an action in federal district court must pay a filing fee. 28 U.S.C. § 1914(a). However, indigent plaintiffs may apply for a fee waiver. 28 U.S.C. § 1915. The Court must determine whether the litigant is unable to pay the filing fee before granting leave to proceed in forma pauperis. *See id.* § 1915(a)(1).

Plaintiff Nailey's IFP Application is sparse. (Doc. 2.) However, he indicates that he has no sources of income other than unspecified gifts or inheritances. (*Id.* at 1–2.) The Court will grant the IFP Application based on this limited information.

///

///

## II. Statutory Screening of Pro Se Complaints

A district court must screen and dismiss a complaint, or any portion of a complaint, filed in forma pauperis that "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(b)(1)–(2). The district court applies the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Thus, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard does not demand "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To meet this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim to relief is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The Ninth Circuit has instructed district courts to "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Watison*, 668 F.3d at 1112. A "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe*, 627 F.3d at 342 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## III. Complaint

On December 10, 2025, Plaintiff Nailey brought this action on behalf of Green Clouded Pyramids, LLC against the City of Tucson, Tucson Police Department, and several named officers alleging that they violated the First, Fourth, and Fourteenth Amendments. (Doc. 1 at 1.) Plaintiff Nailey states that he is the "Owner/Operator" of

Green Clouded Pyramids, LLC. (*Id.*)

As a threshold matter, the Court must dismiss this action because Plaintiff Nailey may not represent Green Clouded Pyramids, LLC. *Rowland v. Ca. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel."). Therefore, Plaintiff Nailey's pro se Complaint on behalf of Green Clouded Pyramids, LLC must be dismissed.

### IV. Leave to Amend

A pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action if the Court determines that Plaintiff might cure the complaint by alleging other facts. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc). "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

If Plaintiff Nailey seeks to pursue claims on behalf of Green Clouded Pyramids, LLC, he may do so through retained legal counsel. In this case, the Court will allow Plaintiff Nailey to file a pro se Amended Complaint only to the extent that he seeks to assert that *his* constitutional rights were violated. Plaintiff Nailey *may not* file an Amended Complaint to assert any claims on behalf of Green Clouded Pyramids, LLC absent representation by legal counsel.

If he chooses to amend, Plaintiff Nailey must write short, plain statements telling the Court for each claim: (1) law right he believes was violated; (2) the name of the Defendant who violated the law; (3) exactly what that Defendant did or failed to do that violated that particular law; (4) how the action or inaction of that Defendant is connected to the violation; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). If Plaintiff Nailey fails to affirmatively link the conduct of each named Defendant with the specific injury he suffered, the allegations against that Defendant will be dismissed for failure to state a claim. As indicated above, mere conclusory allegations that a Defendant has violated the

law are not acceptable and will be dismissed.

Plaintiff Nailey must clearly designate on the face of the document that it is the "Amended Complaint." The Amended Complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (an amended complaint supersedes any previous complaint, meaning that the Court will treat the original Complaint as non-existent).

The Court is aware that Plaintiff Nailey is proceeding pro se. He shall familiarize himself with the Federal Rules of Civil Procedure and Local Rules for the District of Arizona, both of which can be found on the Court's web site at www.azd.uscourts.gov. He is also advised that a Handbook for Self-Represented Litigants is available on the Court's website at: https://publicapps.azd.uscourts.gov/prose-survey/.

V.    **Conclusion**

For the foregoing reasons,

**IT IS ORDERED:**

(1) Plaintiff Nailey's Application to Proceed In Forma Pauperis is **GRANTED**. (Doc. 2.)

(2) The Complaint is **DISMISSED**. (Doc. 1.)

(3) Plaintiff Nailey may file an Amended Complaint consistent with the terms of this Order no later than **January 30, 2026**. If Plaintiff Nailey does not file an Amended Complaint by January 30, 2026, the Clerk of Court shall close this case without further notice.

Dated this 22nd day of December, 2025.

_____
Honorable Angela M. Martinez
United States District Judge